**Robert W. GRAFSTROM, Miguel A. Rivera, Plaintiffs,**

**v.**

**SECURITIES AND EXCHANGE COMMISSION, Defendant.**

Misc. No. M–29–1.

United States District Court, S. D. New York.

March 2, 1982.

Robert W. Grafstrom, pro se.

Miguel A. Rivera, pro se.

Anne C. Flannery, New York City, for Securities & Exchange Commission.

### MEMORANDUM

MILTON POLLACK, District Judge.

Before this Court are three motions to challenge the SEC's access to financial records under the Right to Financial Privacy Act, 12 U.S.C. § 3401–3422 ("RFPA"). The first, filed on December 19, 1981 by Miguel Rivera, seeks to block SEC access to records of two accounts in Mr. Rivera's name at the Seaman's Bank for Savings in New York City. The second motion, submitted jointly by Mr. Rivera and Robert Grafstrom, attempts to block access to two accounts at Citibank: an individual account belonging

to Mr. Grafstrom and a joint account in the name of both Mr. Grafstrom and Mr. Rivera.[1] The third motion, filed on January 7, 1982 by both movants, asks the Court to bar SEC access to records of a joint account in the name of the same two movants with the Fidelity Daily Income Trust of Boston.

The SEC asserts, and the movants deny, that the information contained in the subpoenaed records is reasonably relevant to a legitimate law enforcement activity by the agency.

After an informal inquiry, begun on February 26, 1980, the SEC entered a formal order authorizing a private investigation pursuant to Section 20(a) of the Securities Act of 1933, 15 U.S.C. § 77t(a) and Section 21(a) of the Securities Exchanges Act of 1934, 15 U.S.C. § 78u(a), to determine whether there had been a violation of the antifraud provisions of those acts regarding trading in the stock of Wright Energy Corporation ("WEC"). The subpoenas challenged here were issued in the course of that SEC investigation.

Mr. Grafstrom does not directly attack the relevance of the financial records to the SEC inquiry. He challenges the subpoenas on the ground that they are an attempt to obtain confidential information given to his former attorney, David J. Weinstein. Since the records are sought from banks and the Fidelity Daily Income Trust, they cannot be protected by the attorney-client privilege.

Mr. Grafstrom also claims that Mr. Pearce, an SEC staff member, has spread false information about him. Finally, he notes that any action he has taken in this matter has been on his counsel's direct instructions, and that he prevented WEC from going bankrupt on two different occasions.

Mr. Rivera objects to the subpoenas on the grounds that the SEC is harassing him and is going on a fishing expedition. He further notes that he has already given testimony for several days and produced all the documents requested by the SEC (which they deny). Lastly, he says that he is only a stockholder, not an officer or director of WEC.

12 U.S.C. § 3405 provides:

A Government authority may obtain financial records ... pursuant to an administrative subpena or summons otherwise authorized by law only if, [among other things]

(1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry.

Section 3410(c), which governs customer challenges, provides:

If the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed or shall enjoin the Government authority's formal written request.

The SEC investigation is being conducted to determine, among other things, whether, during the period December 1979 to the present, WEC and others have violated the federal securities laws by (1) offering and selling securities to the public without the filing of a registration statement; (2) effecting a series of transactions in WEC securities, creating active trading in such securities, for the purposes of inducing their purchase or sale; and (3) effecting transactions in WEC securities while in the possession of material, non-public information concerning the future business prospects of WEC.

The SEC alleges that, during the time relevant to the investigation, Robert Grafstrom was a control person of WEC. The

---

1. The SEC contends that the challenge to the second subpoena was not filed within two weeks after notice of the subpoena was received, as required by the RFPA. *See* 12 U.S.C. § 3410(a). Notice of the subpoena was mailed on December 16, 1981. Since the motion to challenge the subpoena was filed on December 24, 1981, the SEC appears to be incorrect.

SEC further asserts that it has information that Miguel Rivera sold WEC stock as Grafstrom's nominee. Through the challenged subpoenas, the SEC staff says it is seeking to determine who made use of the proceeds of the sale of the stock, as it believes that such information will assist in the identification of the real sellers of the securities. If such sellers were control persons of WEC at the time of their sales, their activities may violate the registration provisions of the securities laws.

The Court finds that there is no demonstrable reason to doubt the legitimacy of the SEC's enforcement inquiry, nor do the papers fail to demonstrate that there is a reasonable belief that the records sought are relevant to that inquiry.

Accordingly, the motions challenging the access of the SEC to the records sought are denied.

SO ORDERED.